UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JOHN HAITZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:10-CV-307-REW |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND |
| DON JACOBS IMPORTS, INC., and AMY VANMETER, Individually, | ) ) ) | ORDER |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants, Don Jacob Imports, Inc. and Amy VanMeter, by counsel, move for summary judgment on two of the four counts listed in Plaintiff's Complaint. DE #24 (Motion). Plaintiff responded in opposition, DE #25 (Response), and Defendants subsequently replied, DE #26 (Reply). By separate Order, the Court since dismissed Amy VanMeter, individually, DE #56 (Order), and Counts Two through Four of Plaintiff's Complaint, DE #57 (Order). Thus, the Court only considers Plaintiff's FMLA interference claim against Don Jacobs Imports, Inc.

Having reviewed the filings and full record under the required standards, and as discussed at the Pretrial Conference, the Court **DENIES** Defendants' Motion.

**I. Background**[1]

Plaintiff, John "Sonny" Haitz, started working for Don Jacobs Imports, Inc., in June, 1985, and he remained employed there until his termination in April, 2010. DE #1-1 (Complaint) at 2, 4. In June, 2009, Plaintiff experienced pain in his right foot, and a doctor subsequently diagnosed him with plantar fasciitis. *Id.* at 3. Two months later, an MRI revealed that Haitz had a

---

[1] In accordance with Rule 56, the Court discusses the facts in favor of the Plaintiff, the non-movant.

1

ligamental tear. *Id.* Plaintiff, unable to work, used accumulated vacation leave and received short-term disability (STD) benefits until September 10, 2009. *Id.* Records from Plaintiff's doctor reference short-term disability only, and according to Haitz, Family and Medical Leave Act (FMLA) leave was never discussed as an option when he conferred with Amy VanMeter, the Human Resources Director at Don Jacobs Imports, Inc.[2] *Id.* Plaintiff used scheduled vacation to extend his absence until September 21, 2009, when he returned to work. *Id.* at 3.

Unfortunately, Haitz's foot never fully healed, and in January 2010, he was diagnosed with a plantar fascial tear. *Id.* at 4. His physician recommended a surgical repair, and Plaintiff conferred with VanMeter. *Id.* Plaintiff and VanMeter pieced together Haitz's personal days (January 27, 28, and 29, and February 1) and vacation days (February 2, 3, and 4) to account for some of his leave, and Haitz's STD benefits commenced on February 5, 2010. VanMeter allegedly only provided STD paperwork and did not discuss FMLA leave options with Plaintiff, *id.*, although Plaintiff completed an Employee Request for Family or Medical Leave that denoted, without elaboration, his leave as FMLA-qualified, DE #24-5 (Request for Leave).

Haitz's doctor provided periodic status reports to Defendants about Plaintiff's condition and ability to return to work. *Id.* The doctor's report from April 15, 2010, indicates that Plaintiff was not released to return to work until May 3, 2010. *Id.* According to Haitz, Don Jacobs did not advise Plaintiff that his FMLA leave would expire during that period, and he did not know his job was in jeopardy. *Id.* Indeed, Plaintiff professed complete ignorance of the FMLA at the time. DE #24-2 (Haitz Deposition). On April 16, 2010, VanMeter called Plaintiff and terminated him

---

[2] The parties dispute whether Plaintiff spoke to VanMeter in 2009 regarding Haitz's leave. VanMeter testified in deposition that Haitz spoke only to Amy Tabor regarding his 2009 leave. DE #25 (Response) at 12. Haitz testified in deposition that he spoke to Amy VanMeter. *Id.*

from Don Jacobs Imports, Inc., effective April 15, 2010.[3] On April 21, 2010, Haitz received a letter dated April 19, 2010, informing him that his termination was considered to be a "voluntary resignation" under company policy. *Id.*; DE #25-4 (Letter). The following day, Don Jacobs delivered Plaintiff's personal belongings to Haitz's home, and he received a check for twelve unused vacation days. DE #1-1 (Complaint) at 5.

Plaintiff filed the instant suit against Don Jacobs Imports, Inc. and Amy VanMeter, in her individual capacity, on August 16, 2010, and Defendants removed to federal court on September 3, 2010. DE #1 (Notice of Removal). Haitz's Complaint alleges that Don Jacobs violated (1) the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, *et seq.*, and (2) the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, *et seq.* DE #1-1 (Complaint) at 4-5. Plaintiff also alleged breach of duty of care and negligent or intentional misrepresentation, alternatively, against Amy VanMeter individually. *Id.* at 6. After the Pretrial Conference, and on Plaintiff's stipulation, the Court dismissed Amy VanMeter, individually, DE #56 (Order), and dismissed all counts except Plaintiff's FMLA interference claim, DE #57 (Order).

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A reviewing court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). Additionally, the court may not

---

[3] Plaintiff's Complaint alleges that Haitz's termination was effective April 15, 2010. DE #1-1 (Complaint) at 3. VanMeter's letter to Haitz states April 16, 2010, as the effective date. DE #25-4 (Letter). This discrepancy does not affect the Court's summary judgment analysis.

"weigh the evidence and determine the truth of the matter" at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

The burden of establishing the absence of a genuine dispute of material fact initially rests with the moving party. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986) (requiring the moving party to set forth "the basis for its motion, and identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate an absence of a genuine issue of material fact"); *Lindsay*, 578 at 414 ("The party moving for summary judgment bears the initial burden of showing that there is no material issue in dispute."). If the moving party meets its burden, the burden then shifts to the nonmoving party to produce "specific facts" showing a "genuine issue" for trial. *Celotex Corp.*, 106. S. Ct. at 2253; *Bass v. Robinson*, 167 F.3d 1041, 1044 (6th Cir. 1999). However, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 106 S. Ct. at 2552.

A fact is "material" if the underlying substantive law identifies the fact as an essential element. *Anderson*, 106 S. Ct. at 2510. Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A "genuine" issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 2511; *Matsushita Elec. Indus. Co.*, 106 S. Ct. at 1356 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (citation omitted). Such evidence must be admissible at trial. *Salt Lick Bancorp. v. FDIC*, 187 F. App'x 428, 444-45 (6th Cir. 2006).

**III. Analysis**

The Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.*, allows eligible employees up to twelve weeks of protected leave within a twelve month period when the employee develops a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. §2612(a)(1)(D). Under the FMLA, an employer cannot "interfere with . . . the exercise of or the attempt to exercise . . . any right provided [by the Act]." 29 U.S.C. § 2615(a)(1). Failure to provide notice as required by the Regulations can constitute interference. 29 C.F.R. § 825.300(e).

The Sixth Circuit recognizes a cause of action for FMLA interference by an employee who shows he was denied the chance to exercise his FMLA rights. *See Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 555 (6th Cir. 2006). To establish a *prima facie* case of interference, Plaintiff must prove that (1) he is an "eligible employee," (2) the defendant is an "employer" as defined by the Act, (3) the employee was entitled to leave, (4) the employee gave notice of his intention to take leave, and (5) the employer interfered with the employee's FMLA benefits. *Wysong v. Dow Chemical, Co.*, 503 F.3d 441, 447 (6th Cir. 2007).

Plaintiff unquestionably establishes his *prima facie* case. The statute defines an "eligible employee" as someone who has worked for the employer for at least twelve months, *id.* §2611(2)(A), and Plaintiff's tenure with Don Jacobs certainly qualified him for FMLA leave. Neither party disputes that Don Jacobs is an employer under the Act's terms, or that Plaintiff's injury entitled him to leave. The record further establishes notice to Don Jacobs of Haitz's condition. The case centers on Don Jacobs's procedural compliance with the Act and whether Haitz's leave had lawfully expired at termination. Defendant also argues lack of prejudice for any act of noncompliance.

Don Jacobs's Motion, and the record before the Court, fail, in several areas, to establish the absence of genuine disputes of material fact regarding Don Jacobs's duties to provide notice to Mr. Haitz. The FMLA's accompanying regulations impose four separate and distinct duties of notification on an FMLA-covered employer. *See* 29 C.F.R. § 825.300. An employer must provide general notice to the employee of the provisions and claim mechanics under the FMLA. *Id.* § 825.300(a). In support of Don Jacobs's position that it provided this notice to Mr. Haitz, the company tendered a blurry and unauthenticated photograph of a wall poster. DE #24-8 (FMLA Poster). The photograph is largely illegible, however, and as discussed at the Pretrial Conference, it is doubtful that Don Jacobs's employee handbook provided the general notice required by 29 C.F.R. § 825.300(a)(3)-(4). Haitz admits to hanging some workplace posters and even reading them at times, DE #24-2 (Haitz Deposition), but the regulation is clear: the employer must provide general notice. Don Jacobs's submitted materials do not as a matter of law establish that it adequately provided this notice.

Don Jacobs also fails to establish its compliance with 29 C.F.R. § 825.300(b), which imposes a duty to provide an employee with notice that his leave is FMLA-eligible. This section mandates that when an employer receives notice that an employee's requested leave may qualify as FMLA leave, the employer "must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." *Id.* § 825.300(b)(1). Defendant argues that Haitz never requested FMLA leave, but its Motion misunderstands the Regulation's clear mandate: the employer must provide the employee notice of FMLA eligibility once the employer learns that the leave *may* qualify as FMLA leave. Don Jacobs does not argue it supplied this notice; it argues it was not required to so in light of the workplace posters. DE #24-1 (Motion) at 8-9. Haitz alleges that Don Jacobs did not tell him that his 2009 leave

qualified for or was designated as FMLA leave. DE #35 (Response). Nothing in the file indicates notice of eligibility for the 2009 period. On this record, the Court cannot find as a matter of law that Don Jacobs complied with the eligibility notice with respect to the 2009 leave. The Regulations contemplate more specific notice than a workplace poster, and Don Jacobs's compliance is undoubtedly a question for the factfinder. Further, whether the single-page form in the record suffices as to the 2010 leave is also uncertain. Summary judgment is not appropriate.

The third type of notice required is a rights and responsibilities notice, 29 C.F.R. § 825.300(c), and again, Don Jacobs fails to establish the absence of a genuine dispute regarding its compliance. Employers must provide written notice specifically describing an employee's obligations and the employer's expectations for the FMLA leave each time it provides an employee with eligibility notice. *Id.* Don Jacobs submits Haitz's signed Employee Request for Family or Medical Leave. DE #24-5 (Employee Request). That document contains little of the § 825.300(c) information. Thus, that form does not address obligations, expectations, notice that leave will count against FMLA, and interaction between FMLA and other employee leave options. The regulatory prototype, cited in § 825.300(c)(6), shows the dramatic practical gulf between the Don Jacobs form and regulation compliance. The Regulation requires an employer to provide written notice of the consequences for failing to meet an obligation. Haitz's Employee Request is silent on any consequences, and Don Jacobs does not submit further evidence of the completeness of its notification. Further, Don Jacobs does not cite any documentation demonstrating its compliance in 2009. Don Jacobs's proffer fails to meet the summary judgment standard with respect to both Haitz's 2009 and 2010 leave.

Finally, an employer must provide designation notice. 29 C.F.R. § 825.300(d). Once Don Jacobs knew that Haitz's leave was FMLA-qualifying, it was required to "notify [Haitz] whether

the leave [would] be designated and [would] be counted as FMLA leave within five business days. . . ." *Id.* Haitz's Employee Request for Family or Medical Leave, DE #24-5 (Employee Request), labels the 2010 leave as FMLA-qualifying, providing some support for Defendant's argument that it only needed to provide Haitz an accounting of leave upon his request. DE #24-1 (Memorandum); 29 C.F.R. § 825.300(d)(6). However, the designation also must cover the issue of and dynamic concerning paid leave, something not detailed in the Don Jacobs form. Again, the prototype, § 825.300(d)(4), compares disfavorably. Defendant offers no proof at all of the required designation for the 2009 leave, however, and judgment as a matter of law is inappropriate.

Based on the utter lack of evidence demonstrating notification with respect to Plaintiff's 2009 leave, the Court questions, but does not decide, whether Defendant can lawfully calculate Haitz's 2009 leave as part of his twelve-month FMLA entitlement. Defendant also fails to establish its compliance with the entirety of the notification requirements for Plaintiff's 2010 leave. The Court also notes that, at termination, Defendant paid Plaintiff for twelve unused vacation days. DE #1-1 (Complaint) at 5. Had Defendant simply applied these days to Plaintiff's leave period, he arguably would have been covered up to (and including) May 3, 2010. The jury must resolve those questions.

By the Court's calculations, and Defendants' admissions at the Pretrial Conference, Haitz was fired (ignoring the 2009 period) on the fifty-eighth day of his leave, two days prior to his entitled sixty days. The Sixth Circuit has upheld terminations when an employee on FMLA leave "was clearly unable to return to work within the period provided by the FMLA." *Cehrs v. Northeast Ohio Alzheimers Research Ctr.*, 155 F.3d 775, 785 (6th Cir. 1998) (upholding summary judgment when plaintiff could not return to work until two weeks after her FMLA

leave expired); *see also Edgar v. JAC Products, Inc.*, 443 F.3d 501 (6th Cir. 2006); *Hicks v. Leroy's Jewelers, Inc.*, 2000 WL 1033029, (6th Cir.) (per curiam); *Green v. Alcan Aluminum Corp.*, 1999 WL 1073686 (6th Cir.). However, if there is a factual dispute over the employee's ability to return to work, summary judgment is inappropriate. *Mendoza v. Micro Electonics, Inc.*, 2005 WL 331585 (N.D. Ill. 2005); *Shepherd v. Honda of America Mfg., Inc.*, 160 F. Supp. 2d 860 (S.D. Ohio 2001). In the case at bar, just as in *Mendoza* and *Shepherd*, Plaintiff testified that if he had known his job was in jeopardy, he would have returned to work. DE #25-5 (Affidavit). Haitz returned to work in 2009 wearing a boot and still performed his job duties. *Id.* This corroborates Haitz's position that he may have acted differently if on proper notice. Haitz's sworn Affidavit suffices to create a genuine dispute of material fact, and again confirms that summary judgment is not appropriate.

Notification default matters because it can arise to interference. *See* 29 C.F.R. § 825.300(e) ("Failure to follow the notice requirements . . . may constitute an interference with . . . the exercise of an employee's FMLA rights."). The Regulation plainly contemplates damage availability as to items of compensation "lost by reason of the violation." *Id.* Here, Haitz claims he knew nothing of FMLA application and that he would have acted to protect his job had he known the twelve weeks were running. Further, if the 2009 time should not count, then the company's calculation in mid-April obviously would have been different, placing Haitz in a different status at the time of termination. Whether Haitz can prove a right to relief will be for the jury to decide, but Don Jacobs has not proven the propriety of summary judgment.

Lastly, the Court is troubled by the calculation Ms. VanMeter included in the termination letter. The Don Jacobs employee policies are inconsistent over time and far from clear regarding whether other leave is consecutive to or concurrent with FMLA leave. *Compare* DE #51-3 (2004

Handbook) at 5, *and* DE #52-2 (2004 Handbook) at 5 (containing no reference to FMLA leave and requiring employees to use "either vacation or personal days for any and all time off"), *with* DE #30-4 (2007 Handbook) (requiring employees to use "either vacation or person days for any and all time off" but citing an exception for family and medical leave). VanMeter's letter strongly indicates that Don Jacobs, per the 2007 version, extended the FMLA period by adding in other leave. DE #25-4 (Letter) ("Don Jacobs . . . maintains a policy of providing vacation and sick leave to extend that [Family and Medical Leave] time."). If this is so, and if the 2009 leave cannot legitimately count against the FMLA period due to notice defaults, a question would exist over whether and how far the FMLA period should have been extended by Don Jacobs beyond April 15. Again, the jury must assess these facts and make a determination.

**IV. Conclusion**

For the reasons discussed above, the Court **DENIES** Defendants' Motion for Summary Judgment.

This the 6th day of October, 2011.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge